# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **GREGORY LYNN JOHNSON** | **CIVIL ACTION NO. 20-1193-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN DARREL VANNOY** | **MAGISTRATE JUDGE HORNSBY** |

### MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Gregory Lynn Johnson ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on September 15, 2020. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. He names Warden Darrel Vannoy as respondent.

On November 3, 2016, Petitioner was convicted of one count of second degree murder in the Louisiana First Judicial District Court, Parish of Caddo. On December 5, 2016, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) the trial court prevented the admission of pertinent character traits of the victim in violation of his due process rights, (2) his trial counsel was ineffective because he offered inadequate advice about taking a plea deal, (3) his trial counsel was ineffective because he had a conflict with him, (4) his trial counsel was ineffective because he failed to retain or call a bullet/firearm expert, (5) his trial counsel was ineffective because he failed to retain or call a DNA expert, (6) his trial counsel was ineffective because he failed to impeach the testimony of Glover and/or

Howard, and (7) his appellate counsel was ineffective because the trial record was incomplete.

Petitioner has failed to demonstrate that he properly exhausted **claim (1)** regarding the omission of pertinent character traits of the victim during the trial. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); Shute v. Texas, 117 F.3d 233 (5th Cir. 1997). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the district court is precluded from granting habeas relief on an unexhausted claim.

Considering the above procedural history, the instant petition constitutes a "mixed" petition, having both exhausted and unexhausted claims. When a habeas petition includes both exhausted claims and unexhausted claims, the district court must dismiss the entire "mixed petition." Murphy v. Johnson, 110 F.3d 10, 11, (5th Cir. 1997), quoting, Rose v.

---

[1] § 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted unless** it appears that--
(A) **the applicant has exhausted the remedies available in the courts of the State;**

Lundy, 455 U.S. at 522, 102 S.Ct. at 1205; Graham v. Johnson, 94 F.3d 958, 968 (5th Cir. 1996).

Because all of Petitioner's claims have not been exhausted in the state courts, this entire petition is subject to dismissal. On the other hand, if Petitioner dismisses his unexhausted claim and asserts only his exhausted claim(s), he may be entitled to go forward. However, Petitioner is put on notice that dismissing the unexhausted claim is not without consequence. If he should dismiss the unexhausted claim at this time, he may be precluded from bringing this claim in the future. Specifically, the law with respect to successive petitions requires a petitioner to obtain authorization from the appropriate court of appeals before filing a second or successive petition. 28 U.S.C. §2244(b)(3)(A)[2]. Additionally, any future filings may be barred by the one-year statute of limitations imposed by 28 U.S.C. §2244(d)(1)[3].

---

[2] 28 U.S.C. § 2244(b)(3)(A), provides in pertinent part, "[b]efore a second or successive application permitted by this section [28 U.S.C. § 2254] is filed in the district court, **the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application**."

[3] As a general rule, section 2244(d)(1)(A) requires that a petitioner bring his section 2254 claims within one year of the date his conviction became final. 28 U.S.C. § 2244(d) provides,
>(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>  (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>  ...
>The section also sets up statutory exceptions which can, in appropriate cases, extend the time for filing a federal habeas petition beyond the one year period after final conviction if the state imposes an unconstitutional impediment to the filing of a federal habeas petition, if the Supreme Court recognizes a new constitutional right and makes that right retroactive to cases on collateral review, or if the petitioner is unable through the exercise of due diligence to discover the factual predicate of the petitioner's federal habeas claim. 28 U.S.C. § 2244(d)(1)(B)(C) and (D).

Thus, Petitioner has three alternatives. He may choose to: (1) maintain this petition with the unexhausted claim with full knowledge that the entire petition is subject to dismissal; or (2) indicate to the court that he wishes to dismiss the unexhausted claim with full knowledge that he will risk the opportunity to present this claim in a successive petition; or (3) dismiss this entire petition so that he can exhaust all of the claims before refiling with full knowledge that he may be barred by the one-year time limitation provision on federal habeas review.

Accordingly;

**IT IS ORDERED** that Petitioner, within thirty (30) days from the date of this order, expressly state whether he seeks review of the unexhausted claim in this court at this time, whether he wishes to dismiss same, or whether he wishes to dismiss this entire petition to re-file at a later date after he exhausts state court remedies on all claims asserted herein.

**Failure to comply with this court order will result in dismissal of this suit** pursuant to rules 41(b) and 16(f) of the Federal Rules of Civil Procedure.

**THUS DONE AND SIGNED** in Chambers at Shreveport, Louisiana, this 6th day of January 2021.



Mark L. Hornsby
U.S. Magistrate Judge

---

The time during which a "**properly filed** application for State post-conviction" review is pending shall not be counted toward any period of limitation under this section. 28 U.S.C. 2244 (d)(2).